# United States Court of Appeals for the Fifth Circuit

---

No. 25-50136
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Vickiel Vincent Vaughn,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-1062-2

---

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Vickiel Vincent Vaughn challenges his conviction and within-Guidelines 30-months' imprisonment sentence with three years' supervised release for conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324. He asserts the district court erred by: admitting evidence of text

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

messages connecting him to the crime; and relying on an improper sentencing factor when imposing supervised release.

Vaughn challenges the admission of the text-message evidence on authenticity and Confrontation Clause grounds. Challenges to evidentiary rulings are reviewed for abuse of discretion. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). If, however, defendant, as here, asserts a Confrontation Clause violation, we review *de novo*, "subject to harmless error analysis". *United States v. Morgan*, 505 F.3d 332, 338 (5th Cir. 2007).

Concerning authenticity, the record reflects the text messages were between Vaughn and the driver of the vehicle containing illegal aliens, who were sitting on the back seat; Vaughn was seated on the front seat. *United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015) (concluding evidence authenticated where "Government laid sufficient foundation"). Regarding the Confrontation Clause, the text messages were not the requisite testimonial statements; rather, they facilitated the transportation of illegal aliens. *See United States v. Towns*, 718 F.3d 404, 411 (5th Cir. 2013) (holding pharmacy purchase records not testimonial because they were created "to comply with state regulatory measures, not in response to an active prosecution"). Accordingly, the court did not err by admitting the text-messages.

Vaughn contends the court imposed an improper supervised-release term because it: failed to make individualized findings; and relied on improper sentencing factors under 18 U.S.C. § 3553(a)(2)(A). Because Vaughn did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he

makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Concerning Vaughn's individualized-finding contention, his within-Guidelines sentence did not "require lengthy explanation". *Rita v. United States*, 551 U.S. 338, 356–57 (2007) (quote at 356). The sentencing transcript shows this is not an instance in which the court "did not mention any § 3553 factors at all and did not give any reasons for its sentence beyond a bare recitation of the Guideline's calculation". *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (citation omitted). Accordingly, he fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

Regarding his improper-sentencing-factors contention, the record does not show the court relied on § 3553(a)(2)(A) (consideration of these retributive factors proscribed for sentence-revocation proceeding) "expressly or by unmistakable implication" when imposing supervised release. *Esteras v. United States*, 606 U.S. 185, 203 (2025). Again, he fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.